UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMIER HARVEST LLC, *et al.*, | CASE NO. C17-0784-JCC |
| Plaintiffs, | ORDER |
| v. | |
| AXIS SURPLUS INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Axis Surplus Insurance Company's ("Axis") motion to dismiss (Dkt. No. 13) and motion for a protective order (Dkt. No. 33). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Axis' motions to dismiss (Dkt. No. 13) and for a protective order (Dkt. No. 33) for the reasons explained herein.

## I. BACKGROUND

Plaintiffs are three related entities: Premier Harvest LLC, a Washington Limited Liability Company; Premier Harvest LLC, an Alaskan Limited Liability Company; and Premier Harvest Adak LLC, an Alaskan Limited Liability Company. (Dkt. No. 1-6 at 1–2.) They own and operate a crab and fish processing facility in Adak, Alaska, one of the "most remote inhabited places on earth." (*Id*. at 3.) The facility was damaged by two separate windstorms during December 2015

and a freeze event in January 2016. (*Id*. at 3–4.)

Defendant Axis is Plaintiffs' insurer. (*Id*. at 2.) Plaintiffs purchased the policy through an insurance broker in Seattle. (*Id*. at 3.) The policy covers property damage of up to $5 million per occurrence, with no aggregate limit. (*Id*.) Axis engaged Defendant Cunningham Lindsey U.S., Inc. ("Cunningham") to investigate Plaintiffs' claims of loss resulting from the windstorms and freeze event. (*Id*. at 2–4.)

Plaintiffs brought suit against Defendants in King County Superior Court in May 2017 (Dkt. No. 1), approximately sixteen months after the freeze event. They allege that even though Cunningham representatives informally indicated to Plaintiffs that the value of their claims exceeded $12 million, Axis has advanced only $3 million to date, has failed to reasonably investigate Plaintiffs' claims, and has failed to make a final coverage determination. (Dkt. No. 1-6 at 3–4.) They further allege this is the result of Defendants' bad faith and negligence, is a breach of the policy, and violates various insurance and consumer protection statutes and regulations. (*Id*. at 11–12.) Plaintiffs also allege that due to inadequate advances under the policy, they have been unable to make the necessary repairs to secure or operate the facility, thereby suffering additional physical damage and lost income. (*Id*. at 9.) Plaintiffs seek a declaratory judgment that Defendants have breached the insurance policy, violated various consumer protection and claim processing insurance regulations and statutes, and negligently handled its claims. (*Id*. at 10.) Plaintiffs also seek damages and an injunction. (*Id*. at 14.)

Axis removed to this Court (Dkt. No. 1) and now moves to dismiss without prejudice (Dkt. No. 13).[1] Axis asserts the action is not ripe because it has not completed its investigation and has not denied the claim. (*Id*. at 8–9.) Axis also moves for a protective order staying further discovery. (Dkt. No. 33.)

---

[1] In the alternative, Axis moves to stay, pending additional efforts by Plaintiffs to support their losses. (Dkt. No. 13 at 2, 6, 10). Axis provides no legal argument or authority supporting this position. The Court will not consider it.

ORDER
C17-0784-JCC
PAGE - 2

## II. DISCUSSION

Axis does not cite a procedural basis for its motion to dismiss. The Court will treat it as a motion brought under Federal Rule of Civil Procedure 12(b)(1). *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989) (treating a motion asserting lack of ripeness as a 12(b)(1) motion).[2]

### A. Motion to Dismiss

Axis asserts it is continuing to investigate Plaintiffs' losses and, therefore, Plaintiffs' claims are not yet ripe. (Dkt. No. 13 at 8.) It further asserts any delay in its investigation is the result of Plaintiffs' failure to timely fulfill their policy obligations. (*Id*. at 8–9.) On this basis, it moves to dismiss. (Dkt. No. 13.) Plaintiffs assert they have provided supporting information to Defendants but Defendants have been negligent and shown bad faith in continuing to seek additional information. (Dkt. No. 18 at 7, 12, 16–18.) Plaintiffs also assert that Defendants have had sufficient time to investigate the matter and are dragging their feet. (*Id*. at 10–13.)

Defendants, in asserting that Plaintiffs have not yet fulfilled their policy obligations, primarily focus on two requirements: (1) inadequate proof of loss statements supporting funds advanced to date and (2) the failure of Plaintiffs' principals to submit to an examination of the insured under oath. (Dkt. No. 13 at 6.) According to the insurance policy, Plaintiffs are to provide a "signed sworn proof of loss containing the information we request to investigate the claim" and must do so "within 60 days" of Axis' request. (Dkt. No. 21-2 at 21.) Plaintiffs allege they have met this obligation for the $3 million already advanced. (Dkt. No. 18 at 16–17.) Axis asserted the original accounting to support the statements was insufficient. (Dkt. No. 23 at 3.) In response, Plaintiffs provided a "lengthy narrative with supporting documents." (Dkt. No. 18 at 7.) Axis again asserted the documentation was inadequate to support funds advanced to date. (Dkt. No. 23 at 3.) In response, Plaintiffs provided spreadsheets, bank records, and receipts. (*Id*.)

---

[2] The fact that Axis filed declarations in support of its motion does not convert it to one seeking summary judgment. *St. Clair*, 880 F.2d at 201.

ORDER
C17-0784-JCC
PAGE - 3

Based on the information Plaintiffs provided, Axis determined that of the $3.8 million Plaintiffs allegedly spent, only $1.36 million was adequately documented as relating to insurable losses. (*Id.*) Also according to the policy, Axis "may examine any insured under oath." (Dkt. No. 21-2 at 21.) At the time Axis filed its motion to dismiss, it had sought to examine Plaintiffs' principal Dustin Anderson. (Dkt. No. 23 at 4–5.) But it had been unable to do so due to Anderson's medical condition. (*Id.*) On this basis, Axis claimed dismissal was warranted. (Dkt. No. 13 at 6.) Axis has since examined Anderson. (Dkt. No. 31.) It now asserts the examination was inadequate and that further examination is required. (*Id.* at 3.) Otherwise, it "cannot in good faith make a final determination of its further payment obligations." (*Id.*) Plaintiffs assert they fully complied with the examination obligation, no further examination is warranted, and that Axis is using the requirement to "further delay adjustment of the claim." (*Id.*)

### 1. Declaratory Judgment

Plaintiffs seek a declaratory judgment that Defendants have demonstrated bad faith and negligence in failing to fully investigate their claim within a reasonable time and, as a result, have breached the insurance policy and violated various consumer protection and insurance regulations and statutes. (Dkt. No. 1-6 at 10.) Axis moves to dismiss on the basis that Plaintiffs' claims are not yet ripe because it has not yet made "a final determination of what damage is or is not covered by the policy or what further amounts, if any, are owed." (Dkt. No. 13 at 9.)

To emphasize, Plaintiffs do not ask the Court for declaratory judgment on whether their claimed damages are covered by their policy. This issue would not be ripe until such time as Axis makes a coverage decision. But this is not the issue for which Plaintiffs seek declaratory judgment. (Dkt. No. 1-6 at 10.) They seek declaratory judgment on whether Defendants have met their duties in investigating their claims, both under the policy and under applicable state law. (*Id.*) The Court may issue a declaratory judgment in the case of an "actual controversy within its jurisdiction." 28 U.S.C. § 2201(a). The key considerations are "the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration." *Abbott*

*Labs. v. Gardner*, 387 U.S. 136, 149 (1967).

In considering fitness, the court asks whether further factual development is necessary to resolve the case. *See Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 812 (2003). Here, further factual development is not necessary to determine whether Defendants have met their duties in investigating Plaintiffs' losses. Plaintiffs losses arose in December 2015 and January 2016. (Dkt. No. 1-6 at 3–4.) 21 months have elapsed since then. Throughout this time, Plaintiffs have provided Defendants information and Defendants have attempted to investigate Plaintiffs' claims.[3] A sufficient amount of time has passed to make the Plaintiffs' claims ripe. *Abbot Labs.*, 387 U.S. at 149.

In considering hardship, the Court examines the difficulty the parties will face if a judicial decision is denied. *See Toilet Goods Ass'n, Inc. v. Gardner*, 387 U.S. 158, 164–65 (1967). Plaintiffs assert that "[Defendants'] actions have put the survival of [Plaintiffs'] business operations in serious jeopardy." (Dkt. No. 1-6 at 9.) This is a sufficient hardship to make the Plaintiffs' claims ripe. *Abbot Labs*, 387 U.S. at 149.

On this basis, the Court finds Plaintiffs' declaratory judgment action is a controversy ripe for review.

### 2. Other Causes of Action

Plaintiffs also seek damages resulting from the following: Defendants' negligence; Defendants' breach of contract and breach of the duty of good faith and fair dealing; and Defendants' violations of the Washington Consumer Protection Act ("WCPA"), Revised Code of Washington § 19.86, and the Washington Insurance Fair Conduct Act ("WIFCA"), Revised

---

[3] That being said, many facts are disputed. (*See* Dkt. Nos. 1-6, 13, 18, 23) (disputed facts include the sufficiency of Plaintiff's documentation for the $3 million advanced, the sufficiency of the examination of Plaintiffs' principals, the level of Plaintiffs' cooperation throughout Defendants' investigation, and Defendants' competency and diligence in investigating Plaintiffs' losses).

Code of Washington § 48.30.[4] (*Id*. at 10–12.) Plaintiffs also ask the Court to enjoin Defendants from further acts in violation of WCPA and WIFCA and to require Defendants to "live up to their legal obligations to insureds." (*Id*. at 13.)

The standard for assessing ripeness for the claims described above is similar to that for declaratory judgment. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir.2005) ("[T]he appropriate standard for determining ripeness of private party contract disputes is the traditional ripeness standard, namely, whether 'there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"); *see also Coventry Assoc's v. Am. States Ins. Co.*, 961 P.2d 933, 936–37 (Wash.1998) ("[A]n insured may maintain an action against its insurer for bad faith investigation of the insured's claim and violation of the CPA regardless of whether the insurer was ultimately correct in determining coverage did not exist."). Therefore, Plaintiffs' other claims also survive Axis' motion to dismiss.

For the reasons stated herein, the Court DENIES Axis' motion to dismiss.

### B. Motion for Protective Order

In light of its pending motion to dismiss, Axis moves for a protective order staying all discovery in the matter. (Dkt. No. 33 at 3). In light of the Court's ruling above on Axis' motion to dismiss, *see supra* Part II.A., the Court DENIES Axis' motion for a protective order as moot (Dkt. No. 33).

## III. CONCLUSION

For the foregoing reasons, Axis' motions to dismiss (Dkt. No. 13) and for a protective

---

[4] In the alternative, Plaintiffs allege violations under Alaska law. (Dkt. No. 1-6 at 13.) This Court, sitting in diversity, follows Washington's conflict of law rules. *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2001). There is no conflict between the laws of Alaska and Washington for Plaintiffs' claims. This is undisputed. (*See* Dkt. Nos. 35–37) (parties' briefing on choice of law). Therefore, Washington law applies. *See Erwin v. Cotter Health Centers*, 161 Wn.2d 676, 692 (2007) (Washington law applies unless there is an actual conflict between Washington law and the laws or interests of another state).

order (Dkt. No. 33) are DENIED.

DATED this 12th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C17-0784-JCC
PAGE - 7