UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMIER HARVEST LLC, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AXIS SURPLUS INSURANCE COMPANY, *et al.*,<br><br>Defendants. | CASE NO. C17-0784-JCC<br><br>ORDER DENYING PLAINTIFFS' CROSS-MOTION TO COMPEL |

This matter comes before the Court on Plaintiff's cross-motion to compel (Dkt. No. 39). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

## I. BACKGROUND

This is an insurance dispute stemming from December 2015 and January 2016 weather-related losses. Plaintiffs assert Defendants have breached their contract with Plaintiffs and/or violated insurance and consumer protection regulations when they acted in bad faith and negligently processed their claims for the 2015 and 2016 losses. (Dkt. No. 1-6 at 9–13.) According to Plaintiffs, their total damages, including consequential damages, are well in excess of the $3 million advanced to date by Defendant Axis Surplus Insurance Company. (*Id.*)

Trial is scheduled for June 25, 2018, with a discovery cutoff 120 days prior. (Dkt. No. 25.) Plaintiffs have served interrogatories and requests for production, but allege Defendants

have inappropriately refused to respond. (Dkt. No. 39 at 11.) Plaintiffs ask the Court for an order compelling Defendants to immediately produce their insurance claims file and privilege logs, and serve initial answers and responsive documents by October 30, 2017. (Dkt. No. 48 at 3.) Plaintiffs also ask for an award of reasonable expenses incurred to bring this motion. (Dkt. No. 39 at 11.) Defendants assert the issue is moot. (Dkt. Nos. 44, 46). Now that the Court has denied their motion to dismiss and motion for a protective order, they intend to comply fully with their discovery obligations. (Dkt. Nos. 13, 33, 43.)

## II. DISCUSSION

Local Rule 37(a)(1) provides in relevant part:
(1) *Meet and Confer Requirement*. Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

Here, Plaintiff's motion merely states that "Counsel for Premier Harvest have conferred with defense counsel regarding AXIS's position with respect to discovery." (Dkt. No. 39 at 5.) This certification is insufficient to meet the detailed requirements of Local Rule 37(a)(1). Therefore, the Court declines to address the merits of Plaintiff's motion, and cautions both parties of the importance of seeking to resolve discovery disputes privately without needless Court intervention.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel (Dkt. No. 39) is DENIED.

//
//

ORDER DENYING PLAINTIFFS' CROSS-
MOTION TO COMPEL
C17-0784-JCC
PAGE - 2

DATED this 25th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' CROSS-
MOTION TO COMPEL
C17-0784-JCC
PAGE - 3