UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMIER HARVEST LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br> AXIS SURPLUS INSURANCE COMPANY, *et al.*, <br><br> Defendants. | CASE NO. C17-0784-JCC <br><br> ORDER |

This matter comes before the Court on Defendant Axis Surplus Insurance Company's motion to quash three discovery subpoenas issued by Plaintiffs to non-parties (Dkt. No. 52); Plaintiffs' response, which includes a request for attorney fees in responding to Defendant's motion (Dkt. No. 54); and Defendant's reply (Dkt. No. 57). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion to quash (Dkt. No. 52) and GRANTS Plaintiffs' request for attorney fees (Dkt. No. 54 at 12) for the reasons explained herein.

I. **BACKGROUND**

The Court has described the underlying facts of this case in previous orders and will not repeat them here. (*See* Dkt. Nos. 43, 50). Following the Court's order denying Defendant's motion to dismiss, Defendant made its Federal Rule of Civil Procedure 26(a)(1) initial disclosures, which included a list of persons with discoverable information. (Dkt. No. 55-1 at 2–

8.) Consultants GT Engineering, Wiss Janey Elstner Associates, and NPC Energy Services (collectively the "consultants") were on that list. (*Id.*) Shortly thereafter, Plaintiffs issued discovery subpoenas to the consultants seeking "[a]ll documents . . . referring or relating in any way to [Plaintiffs]." (Dkt No. 53-1 at 2, 5, 8.) Defendant moves to quash the subpoenas on the basis that the consultants are "experts that [Defendant] specifically retained in anticipation of litigation." (Dkt. No. 52 at 1) (citing Fed. R. of Civ. P. 26(b)(4)(D)); (*see* Dkt. No. 55-1 at 7) (similar assertion in Defendant's initial disclosures). In the alternative, Defendant moves to quash the subpoenas on the basis that the consultants possess protected work product or privileged attorney-client communications. (*Id.*) (citing Fed. R. of Civ. P. 26(b)(3)). Plaintiffs seek attorney fees in responding to Defendant's motion. (Dkt. No. 54.)

## II. DISCUSSION

### A. Defendant's Motion to Quash

Federal Rule of Civil Procedure 26(b)(4)(D) provides that absent a showing of exceptional circumstances, "a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Similarly, Federal Rule of Civil Procedure 26(b)(3)(A) provides that absent a showing of substantial need, "a party may not discover documents . . . that are prepared in anticipation of litigation or for trial by or for another party or its representative." Correspondingly, the Court must grant a timely motion to quash a subpoena that requires disclosure of protected matter. Fed. R. Civ. P. 45(d)(3)(A)(iii). The party moving to quash bears the burden of persuasion. *See, e.g.*, *Jones v. Hirschfeld*, 219 F.R.D. 71, 74–75 (S.D.N.Y 2003).

Defendant claims that it received anonymous information that Plaintiffs were attempting to intentionally inflate their insurance losses. (Dkt. No. 52 at 2.) Defendant asserts that based on this information it anticipated Plaintiffs' insurance claim would result in litigation and retained counsel to advise it as to "potential fraud defenses and/or claims and to prepare for anticipated

litigation regarding these issues." (*Id.*) Defendant further asserts that it then retained the consultants to "evaluate the claimed damage in order to assist [counsel] in analyzing the possible fraud and prepar[e] for litigation." (*Id.*) On this basis, Defendant claims the consultants' files are protected from discovery.

In order to determine whether an expert was retained "in anticipation of litigation" the Court applies the "because of" standard. *U.S. Inspection Services, Inc. v. NL Engineered Sols., LLC*, 268 F.R.D. 614, 618 (N.D. Cal. 2010) (citing *In re Grand Jury Subp. (Mark Torf/Torf Envtl. Mgt.)*, 357 F.3d 900, 907 (9th Cir. 2004)). A similar standard applies to dual purpose documents prepared on behalf of a party. *U.S. v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011). An expert must be retained and/or a document must be prepared because litigation was reasonably anticipated. In making this assessment, the Court must consider the totality of the circumstances. *Id.*; *In re Grand Jury*, 357 F.3d at 908. "The [mere] fact that a defendant anticipates the contingency of litigation" is not sufficient to invoke discovery protections. *Binks Mfg. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983). A defendant must put forward "objective facts establishing an identifiable resolve to litigate prior to the investigative efforts." *Id.*

Defendant supports its assertion with representations from counsel that Defendant engaged the consultants in anticipation of litigation. (Dkt. No. 53 at 2–3.) It offers nothing else. "Insurance companies are in the business of paying an assured's just claim." *St. James Stevedoring Co., Inc. v. Femco Mach. Co.*, 173 F.R.D. 431, 433 (E.D. La. 1997) (internal citation and quotation marks omitted). An investigation of the justness of a claim, whether undertaken internally or through outside consultants, is part of Defendant's business, even if fraud is suspected. Therefore, more than mere assertions from Plaintiff's counsel is required from Defendant to convince the Court that it engaged the consultants "because of" litigation.[1] *In re*

---

[1] Notably, in all of the cases cited by Defendant, the insurer offered more than mere assertions from counsel to support a claim that once fraud was suspected, litigation was

*Grand Jury*, 357 F.3d at 907; *Richey*, 632 F.3d at 568. Further, Defendant's previous statements to the Court cut against it assertions. (*See* Dkt. Nos. 23 at 3, 24 at 2) (Defendant states in previous filings that it retained outside consultants to "evaluate the claimed damage" without reference to anticipated litigation). Therefore, Defendant's arguments supporting the application of the discovery protections afforded by Federal Rules of Civil Procedure 26(b)(3)(A) and 26(b)(4)(D) fail.

As to Defendant's assertion of attorney-client privilege, Defendant neither claims that the consultants worked under the direction of Defendant's attorney, nor provides sufficient facts for the Court to plausibly conclude that the consultants' files contain privileged communications with Defendant's counsel.[2] *See Upjohn Co. v. U.S.*, 449 U.S. 383, 394 (1981); *U.S. v. Judson*, 322 F.2d 460, 462 (9th Cir. 1963). Therefore, Defendant's arguments in support of discovery protections based on attorney-client privilege similarly fail.

The Court DENIES Defendant's motion to quash (Dkt. No. 52).

**B.     Plaintiff's Request for Attorney Fees**

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), a party that has failed to block discovery must pay his opponent reasonable fees. The Court may decline to order such an award when the losing party's conduct was "substantially justified," the successful party filed their motion before making a good faith attempt to obtain discovery without court action, or doing so

---

anticipated. *See Chambers v. Allstate Ins. Co.*, 206 F.R.D. 579, 588 (S.D. W. Va. 2002) (insurer provided the court copies of the documents at issue for *in camera* review); *Ring v. Com. Union Ins. Co.*, 159 F.R.D. 653, 656 (M.D.N.C. 1995) (insurer provided affidavits indicating that two law enforcement agencies and an independent investigator suspected arson); *Lett v. State Farm Fire and Cas. Co.*, 115 F.R.D. 501, 503 (N.D. Ga. 1987) (insurer provided deposition testimony from special investigator).

[2] The Court also notes that in Washington "there is a presumption of no attorney-client privilege" when an insured asserts a claim based on an insurer's "bad faith in the handling and processing of claims." *Cedell v. Farmers Ins. Co. of Wash.*, 295 P.3d 239, 246 (Wash. 2013). An insurer can only overcome this presumption upon a showing "that the attorney was providing counsel to the insurer and not engaged in a quasi-fiduciary function" such as investigating or evaluating the claim. *Id*. Defendants make no such showing.

would be unjust. Fed. R. Civ. P. 37(a)(5)(A). None of these exceptions apply here. Defendant's conduct was not substantially justified given the merits of its argument, and Plaintiffs properly sought discovery by subpoena before filing their motion before the Court. Based on these considerations, an award of fees would not be unjust.

The Court GRANTS Plaintiffs' request for attorney fees (Dkt. No. 54 at 12) and DIRECTS Plaintiffs to submit a declaration setting out its attorney fees in responding to Defendant's motion within ten (10) days of this order. The Court will review the amounts for reasonableness before issuing a final fee award to Plaintiffs.

**III. CONCLUSION**

For the foregoing reasons, Defendant's motion to quash (Dkt. No. 52) is DENIED and Plaintiff's request for attorney fees (Dkt. No. 54 at 12) is GRANTED.

DATED this 5th day of December 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE