UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMIER HARVEST LLC, *et al.*, | CASE NO. C17-0784-JCC |
| Plaintiffs, | ORDER |
| v. | |
| AXIS SURPLUS INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Axis Surplus Insurance Company's motion to compel Plaintiffs to produce all documents responsive to Defendant's first set of requests for production (Dkt. No. 69). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part Defendant's motion for the reasons explained herein.

The Court has described the underlying facts of this case in previous orders and will not repeat them here. (*See* Dkt. Nos. 43, 50, 58). Following the parties' stipulation, the Court entered an order requiring the parties to complete document discovery and to file related motions no later than March 1, 2018. (Dkt. No. 68.) Defendant filed its motion to compel on March 1, 2018, as Plaintiffs had yet to produce all documents responsive to Defendant's first set of requests for production. (Dkt. No. 69.) Plaintiffs have indicated that with more time, they will produce the

documents Defendant seeks. (Dkt. Nos. 69 at 6–9, 82 at 1.) Defendant moves for an order compelling production of all documents sought by a date certain and a ruling that Plaintiffs have waived all assertions of privilege and protection due to their untimely response. (Dkt. No. 69 a 10.)

Defendant served Plaintiffs with its first set of requests for production on December 7, 2017. (Dkt. No. 69 at 6); (*see* Dkt. No. 73-2 at 19–32). Plaintiffs' response was due within thirty days. Fed. R. Civ. P. 34(b)(A). Despite extensions of time from Defendant, Plaintiffs provided objections and a privilege log for only a small portion of the documents they were directed to produce, and produced only a small portion of the documents sought, in Defendant's first set of requests for production. (Dkt. No. 69 at 6–8.) Defendant asks the Court to order Plaintiffs to produce the requested documents by a date certain and to treat Plaintiffs' failure to timely object to Defendant's request for production as a waiver. (Dkt. No. 69 at 11–13.) Plaintiffs do not object to Defendant's first request, but strenuously object to the second request. (*See generally* Dkt. No. 82.)

The Ninth Circuit rejects a "*per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit. Instead . . . the district court should make a case-by-case determination . . . in the context of a holistic reasonableness analysis." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). While Plaintiffs have not been timely in responding to Defendant's request for production, the Court does not view Plaintiffs' behavior as sufficient to warrant a waiver. Plaintiffs have maintained contact with Defendant and attempted to reach a stipulated resolution. (*See* Dkt. No. 83-1 at 8–10) (Plaintiffs' proposed stipulated order to compel responses to Defendant's request for production).

While an order compelling Plaintiffs to produce the documents requested is called for at this point, the order should not include a Court-mandated waiver of Plaintiffs' privileges, protections, or objections. However, Plaintiffs should be aware that the Court finds post-storm

documents relevant, given Defendant's allegations that Plaintiffs used insurance proceeds to make post-storm repairs and upgrades to buildings and equipment not damaged in the storms. Plaintiffs should also be aware the Court finds Plaintiffs' owner's personal financial information discoverable,[1] given the allegations that they personally used insurance proceeds.

For the foregoing reasons, Defendant's motion to compel (Dkt. No. 69) is GRANTED in part and DENIED in part. Plaintiffs are ORDERED to fully comply with Defendant's first set of requests for production and Federal Rule of Civil Procedure 34 within twenty-one (21) days of this order. Plaintiffs may not object to the production of a document solely on the basis that it is associated with a post-storm expenditure. Nor may Plaintiffs object to the production of a document containing Plaintiffs' owners' personal financial information on the basis that the document is sensitive or confidential.

DATED this 23rd day of March 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] The Court would entertain a motion for a protective order, if needed, for such material, before its production.