THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PREMIER HARVEST LLC, *et al.*,

    Plaintiffs,

v.

AXIS SURPLUS INSURANCE COMPANY, *et al.*,

    Defendants.

CASE NO. C17-0784-JCC

ORDER

This matter comes before the Court on Defendant Axis Surplus Insurance Company's motion for the Court to order Golden Harvest Alaska Seafood LLC ("Golden Harvest"), to comply fully with Defendant's subpoena *duces tecum* (Dkt. No. 70). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part Defendant's motion for the reasons explained herein.

The Court has described the underlying facts of this case in previous orders and will not repeat them here. (*See* Dkt. Nos. 43, 50, 58). Golden Harvest allegedly operates a crab and fish processing business using a building and equipment previously used by Plaintiff that Plaintiff alleges was damaged in Plaintiff's 2015 and 2016 loss events. (Dkt. No. 73 at 9.) Defendant served a subpoena on Golden Harvest to produce documents relating to this property. (Dkt. No. 73-2 at 36.) Following discussions with Golden Harvest, Defendant agreed to limit the scope of

the subpoena to the following:

> 1) all documents concerning the transfer of the "blue shed" property at Adak, Alaska, including any equipment, fixtures or supplies, Pier 5 and habitational units, from Premier Harvest to Golden Harvest; 2) all documents describing or depicting the condition of the property or its fitness to operate as a seafood processing facility; 3) all correspondence and records concerning damage to the real property and equipment in the "blue shed" that was caused by the weather events of December 2015 and January 2016; and 4) all estimates, bids, construction or purchase contracts concerning the repair, replacement, or renovation of the Adak property undertaken by Golden Harvest from the time it took possession of the property to when it began full fin fish processing operations.

(Dkt. No. 73-2 at 123.) Defendant asserts Golden Harvest agreed to produce responsive documents, but has failed to do so in a complete and timely manner. (Dkt. Nos. 70 at 4, 86 at 2–3.) Defendant seeks an order compelling compliance with the subpoena, as modified, and without allowance for any objections or assertions of privilege or protection, other than those asserted in Golden Harvest's February 21, 2018 letter. (*Id.*); (*see* Dkt. No. 73-2 at 117).

Absent undue burden or cost, or claims of privilege or protection, a person served with a subpoena *duces tecum* for documents and electronically stored information must produce that information. Fed. R. Civ. P. 45(e). If the recipient fails to do so, or to timely object, the party serving the subpoena may seek an order to compel the recipient to produce the documents or to furnish for inspection the files containing the documents. Fed. R. Civ. P. 45(d)(2)(B)(i). A person who fails to comply with a court order to produce documents may be held in contempt. Fed. R. Civ. P. 45(f); *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983).

Defendant's subpoena, as narrowed, is reasonable. However, Defendant has failed to make a sufficient showing that waiver of Golden Harvest's objections, privileges, and protections is warranted. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Accordingly, the Court GRANTS in part and DENIES in part Defendant's motion. (Dkt. No. 70). Golden Harvest is ORDERED to provide responsive documents pursuant to the subpoena, as narrowed, no later than twenty-one (21) days from the date of this order. Any objections, privileges, or protections Golden Harvest seeks to

assert relating to those documents must be made in accordance with Federal Rule of Civil Procedure 45(e)(2), and are not limited to the objections asserted in its February 21, 2018 letter.

DATED this 3rd day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE